IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KIVANI THOMPSON,

Plaintiff,

v.

ANGELIQUE PORTEE *et al.*

Defendants.

Case No. 3:26-cv-01015-SB

**FINDINGS AND RECOMMENDATION**

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Kivani Thompson ("Plaintiff"), proceeding as a self-represented litigant, filed this action against Defendants Angelique Portee ("Portee"), Christina Portee, Derrick Thompson ("D. Thompson"), Malik Thompson, Tyrah Thompson, Tariq Thompson, Jay Bennett, and Paul Bennett (together, "Defendants"), alleging violations of 42 U.S.C. § 1983 ("Section 1983"). (First Am. Compl. ("FAC" ) at 3-4, ECF No. 8.) The Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331. For the reasons explained below, the Court recommends that the district judge dismiss the First Amended Complaint.

///

///

## BACKGROUND

### I. FACTUAL ALLEGATIONS

Plaintiff alleges that this civil rights action "arises from constitutional violations committed by the Defendants during a sustained pattern of coercive conduct, interference with Plaintiff's legal rights, and coordinated actions that deprived Plaintiff of autonomy and access to lawful processes." (FAC at 1.) Specifically, Plaintiff alleges that Defendants engaged in various forms of misconduct from 2010 to 2015 (when Plaintiff was apparently a minor) and coerced him not to report the misconduct, Defendants eventually evicted Plaintiff from his residence and did not allow him to return to retrieve his belongings in 2023, Portee "facilitated charges" against him when he attempted to enter the residence to retrieve his belongings in 2023, Defendants failed to provide Plaintiff with legal mail sent to the residence in 2024 and Plaintiff missed a hearing in his criminal case because he did not receive notice of the hearing mailed to the residence, Portee "facilitated charges" against Plaintiff when he attempted to dispose of his belongings in 2025, Plaintiff was arrested in 2025 for missing his court hearing and as a result of Portee's reports to law enforcement, Portee testified against Plaintiff in his criminal case, and D. Thompson attempted to testify against Plaintiff. (FAC at 2-3.)

### II. PROCEDURAL HISTORY

Plaintiff originally filed this action on May 21, 2026, asserting claims for constitutional and civil rights violations. (*See* Compl., ECF No. 1.) The Court ordered Plaintiff to file an amended complaint because he failed to state a claim upon which the Court could grant relief. (ECF No. 5.) On July 4, 2026, Plaintiff filed an amended complaint, adding several new defendants and factual allegations and asserting a Section 1983 claim in place of alleged violations of 18 U.S.C. §§ 1592 and 1595 and 42 U.S.C. §§ 1985(3) and 1986. (FAC at 1-6.)

## LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although "[t]he plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Thus, "where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Courts "have a duty to read a pro se complaint liberally," *Sernas v. Cantrell*, 857 F. App'x 400, 401 (9th Cir. 2021) (citation omitted), and "[self-represented] litigants should be treated with 'great leniency' when evaluating compliance with 'the technical rules of civil procedure.'" *Seals v. L.A. Unified Sch. Dist.*, 797 F. App'x 327, 327 (9th Cir. 2020) (quoting *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986)). As the Ninth Circuit has explained, there is a "good reason that [courts] afford leeway to [self-represented] parties, who appear without counsel and without the benefit of sophisticated representation: 'Presumably unskilled in the law, the [self-represented] litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel.'" *Huffman v. Lindgren*, 81 F.4th 1016, 1021 (9th Cir. 2023) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000)).

There are, however, limits on the leeway that courts afford to self-represented litigants. For example, although courts "construe pro se pleadings liberally, . . . [courts] 'may not supply

essential elements of the claim that were not . . . pled[.]'" *Owen v. City of Hemet*, No. 21-55240, 2022 WL 16945887, at *1 (9th Cir. Nov. 15, 2022) (first citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); and then quoting *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014)).

**DISCUSSION**

Plaintiff alleges that Defendants violated his constitutional rights in violation of Section 1983. (FAC at 1-6.) Section 1983 applies only to individuals acting under color of law. *See* 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]").

Even assuming the facts in the complaint are true, construing the complaint liberally, and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has not plausibly alleged that Defendants—all private individuals—were acting under color of state law. *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) ("When addressing whether a private party acted under color of law, we therefore start with the presumption that private conduct does not constitute governmental action. In order for private conduct to constitute governmental action, 'something more' must be present.") (citations omitted). Although Plaintiff alleges that Defendants acted jointly with law enforcement by reporting and then testifying against him (FAC at 3-5), "[m]erely providing information to law enforcement, even if that information is false or mistaken, does not render the supplier of information a state actor." *Stull v. Buetler*, No. 3:20-cv-2067-JR, 2021 WL 5994516, at *2 (D. Or. Sept. 22, 2021) (citation omitted), *findings and recommendation adopted as modified*, 2021 WL 5910657 (D. Or. Dec. 14,

2021). Accordingly, Plaintiff has failed to state a plausible Section 1983 claim against Defendants.[1]

For these reasons, the Court recommends that the district judge dismiss Plaintiff's First Amended Complaint for failure to state a claim. The Court has already provided Plaintiff with an opportunity to amend his complaint, he was unable to cure the original pleading deficiencies, and it appears that any further attempts to amend would be futile. Unless Plaintiff explains how he could cure the pleading deficiencies identified herein in his response to the Court's Findings and Recommendation, the Court recommends that the district judge dismiss this case without prejudice but without further leave to amend in this case. *See Elsharkawi v. United States*, No. 21-56206, 2022 WL 16731980, at *2 (9th Cir. Nov. 7, 2022) ("[T]he district court correctly determined that any further amendment would be futile, and properly dismissed the amended complaint without leave to amend.") (citation omitted).

**CONCLUSION**

For the reasons stated, the Court recommends that the district judge DISMISS the First Amended Complaint.

**SCHEDULING ORDER**

The Court will refer its Findings and Recommendation to a district judge. Objections, if any, are due within fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If

[1] In addition, there is a two-year statute of limitations for filing Section 1983 claims and therefore Plaintiff's claims that accrued prior to May 21, 2024, are time-barred. *See Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) ("The statute of limitations on [the plaintiff]'s [Section] 1983 claims is two years. State law governs the statute of limitations period for [Section] 1983 suits and closely related questions of tolling. Section 1983 claims are characterized as personal injury suits for statute of limitations purposes. Oregon's statute of limitations for such suits is two years.") (citations omitted).

objections are filed, a response is due within fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 29th day of July, 2026.

HON. STACIE F. BECKERMAN
United States Magistrate Judge